

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2000

# United States v. Gilchrist

Precedential or Non-Precedential:

Docket 99-3052

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"United States v. Gilchrist" (2000). *2000 Decisions.* Paper 123.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/123

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 6, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-3052

UNITED STATES OF AMERICA,
      Appellant

v.

WILLIAM GILCHRIST

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 96-cr-00094-1)
District Judge: Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
September 10, 1999

Before: ROTH and WEIS, Circuit Judges
SHADUR1, District Judge

(Filed: June 6, 2000)

_____

1. Honorable Milton I. Shadur, United States District Court Judge for the
Northern District of Illinois, sitting by designation.

OPINION OF THE COURT

ROTH, Circuit Judge.

The government appeals from an order entered by the
U.S. District Court for the Middle District of Pennsylvania,
denying a motion to reinstate a dismissed indictment
against appellee Gilchrist. Pursuant to a plea agreement,
the indictment was dismissed on the motion of the
government in exchange for Gilchrist's guilty plea to a
lesser count. After sentencing, Gilchrist successfully
withdrew his guilty plea, and the district court denied the
government's motion to reinstate the dismissed indictment
on the grounds that the statute of limitations had expired.

We find that we have jurisdiction over this criminal
appeal by the government pursuant to 18 U.S.C. S 3731.
We also find that the appellant fails to offer sufficient
reason why the statute of limitations should not be applied.
We will, therefore, affirm the order of the district court.

I. Factual and Procedural History

Defendant-appellee William Gilchrist was indicted in April
1996, for engaging in commercial bribery in violation of the
Travel Act, 18 U.S.C. S 1952(a)(3), and for conspiracy to
engage therein, 18 U.S.C. S 371. Gilchrist, an operator of a
trucking company, was charged with paying kickbacks to a
Welch's Foods transportation manager in order to continue
receiving a share of Welch's trucking business. On
December 9, 1996, a binding plea agreement was executed
between Gilchrist and the government pursuant to Rule
11(e)(1)(C) of the Federal Rules of Criminal Procedure. The
agreement provided the following: (1) the government
agreed not to prosecute Gilchrist on the two charges; (2)
Gilchrist agreed to plead guilty to the lesser charge of
misprision of a felony, 18 U.S.C. S 4; (3) the government
agreed to stipulate to a sentence of 9 months of
incarceration, 1 month home detention, a $10,000fine, and
a $50 assessment;2 and (4) if the district court rejected the
stipulated sentence or imposed a more severe penalty,

_____

2. Under the indictment, Gilchrist stood to face 10 years incarceration,
a period of supervised release, a $500,000 fine, and a $100 assessment.
United States v. Gilchrist, 130 F.3d 1131, 1132 (3d Cir. 1997), cert.
denied, 523 U.S. 1023 (1998).

Gilchrist would have the right to withdraw his plea agreement and plead anew. On December 11, 1996, the parties also filed a joint Stipulation Pursuant to Plea Agreement, which provided that the facts in the Stipulation were the only facts that Gilchrist admitted.

Gilchrist pled guilty to misprision in December 1996. On April 22, 1997, the original indictment was dismissed. At sentencing on the same day, the district court imposed a sentence identical to that provided in the plea agreement with the addition of 12 months of supervised release. Gilchrist did not object at the hearing, but three days later moved the district court to correct sentence pursuant to Fed. R. Crim. P. 35(c). Because the district court failed to rule on the motion within 7 days, Gilchrist filed a notice of appeal to this court in May 1997.

On appeal, Gilchrist sought to withdraw his guilty plea, arguing that the plea agreement was breached because the terms of his sentence were more severe than those specified in the plea agreement. We reversed and remanded the case to the district court with instructions to impose the sentence described in the plea agreement or to allow the withdrawal of the guilty plea. United States v. Gilchrist, 130 F.3d 1131 (3d Cir. 1997), cert. denied, 523 U.S. 1023 (1998).

On remand, the district court set a re-sentencing date. The re-sentencing, however, never took place because the district court on October 9, 1998, granted Gilchrist's renewed motion to withdraw his guilty plea. The district court found that the record was devoid of evidence of active concealment, i.e., there was an insufficient factual basis for the misprision plea. The government on October 19, 1998, moved to reinstate the original indictment, requesting that the parties be restored to the pre-plea agreement status quo. Gilchrist opposed the motion on the grounds that the statute of limitations had expired on the dismissed indictment on or about June 30, 1997. The district court agreed with Gilchrist and denied the government's motion on December 21, 1998. The government now appeals.

II. Jurisdiction

As an initial matter, we turn to the question of whether this court has jurisdiction to hear an appeal by the

government in a criminal prosecution. It has long been held that the government cannot take an appeal in a criminal case unless Congress expressly grants that right. United States v. Martin Linen Supply Co., 430 U.S. 564 (1977); United States v. Jenkins, 420 U.S. 358 (1975); United States v. Sanges, 144 U.S. 310 (1892). We ourselves have reaffirmed the "well-settled rule that an appeal by the prosecution in a criminal case is not favored and must be based upon express statutory authority." Government of the Virgin Islands v. Hamilton, 475 F.2d 529, 530 (3d Cir. 1973). The government argues that statutory authority for this appeal, and hence our jurisdiction over it, is found in 18 U.S.C. S 3731. We agree.

The Criminal Appeals Act, 18 U.S.C. S 3731, as amended in 1970, provides the following:[3]

> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.
>
> . . .
>
> The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.
>
> . . .
>
> The provisions of this section shall be liberally construed to effectuate its purposes.

In deciding whether an order of the district court denying the reinstatement of an indictment is an appealable order within the meaning of S 3731, we must "give effect to Congress's intent" with respect to the question at issue. Idahoan Fresh v. Advantage Produce Inc., 157 F.3d 197, 202 (3d Cir. 1998). To discern congressional intent, we first

_____

3. The 1970 amendment to 18 U.S.C. S 3731 was passed as Title III of the Omnibus Crime Control Act of 1970, Pub.L. 91-644, 84 Stat. 1890.

look to the plain language of the statute. Id . (". . .every exercise of statutory interpretation begins with the plain language of the statute itself.") (citations omitted); see also Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc. , 447 U.S. 102, 108 (1980) ("We begin with the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself."). On its face, the language of S 3731 is ambiguous as to whether it applies to an order denying the reinstatement of an indictment. On the one hand, such an order is not specified in the statute. But on the other hand, what is listed may be merely illustrative and not exhaustive, given that the statute expressly forbids its application only when double jeopardy is implicated.

An inquiry into the legislative history and the underlying legislative intent of the statute provides more guidance. The substance of 18 U.S.C. S 3731 was most recently amended in 1970.4 The pre-1970 amendment version of S 3731 (1964 ed., Supp.V) authorized an appeal by the government in criminal cases "[f]rom a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof except where a direct appeal to the Supreme Court of the United States is provided by this section." Although the language of the statute seemed to capture a very broad range of circumstances, it was generally interpreted as authorizing an appeal to a court of appeals only when the decision setting aside or dismissing an indictment or information was based upon the invalidity of construction of the statute upon which the indictment was founded. See, e.g., United States v. Apex Distributing Co. , 270 F.2d 747, 755 (9th Cir. 1959) (government may, under S 3731, appeal an order dismissing an indictment or information"only where the order was based upon a defect in the indictment or information, or in the institution of the prosecution."); United States v. Nardolillo, 252 F.2d 755, 757-58 (1st Cir. 1958) (government cannot appeal from a dismissal where dismissal was based on the government's failure to comply with discovery order).

_____

4. There were further amendments to 18 U.S.C.S 3731 in 1984, 1986, and 1994. These amendments do not concern us here because they were technical in nature and do not affect our analysis.

Dissatisfaction with this limited ability of the government to appeal in criminal cases was partly what prompted Congress to undertake the amendment of S 3731 in 1970.[5] "[T]he terminology of the Criminal Appeals Act, as interpreted today, does not provide for an appeal by the United States to any court in a large variety of cases where the dismissal is based on grounds having nothing to do with any defect in the indictment or the construction or invalidity of the underlying statute." S. Rep. No. 91-1296, at 5 (1970). "S.3132 [1970 amendment] will afford the Government the right of appeal from the dismissal of a criminal prosecution in all cases where the decision rendered by the district judge does not result in an acquittal after jeopardy. As a result, review of a lower court dismissal will be precluded only where the double jeopardy clause of the Constitution mandates it. . . . The amended Criminal Appeals Act is intended to be liberally construed so as to effectuate its purpose of permitting the Government to appeal from dismissals of criminal prosecutions by district courts in all cases where the Constitution permits. . . ." Id. at 18 See also H.R. Conf.Rep. No. 91-1768 at 21 (1970); 116 Cong. Rec. 35659 (1970) (remarks of Sen. Hruska).

With this legislative history and underlying legislative intent of S 3731 in mind, the U.S. Supreme Court has

---

5. Congress also identified as a major problem of S 3731 the requirement that certain appeals could only be taken to the Supreme Court. "Under the current act, appeals from dismissals lie to the courts of appeals only where the dismissal of an indictment or information results from a finding of some defect therein, or an error of some sort in the institution
of the prosecution itself such as an irregularity in the grand jury proceedings. All other appealable dismissals must be taken directly to the Supreme Court. . . . The present statutory division of appeals from dismissals between the Supreme Court and the courts of appeals has . . .proven difficult to apply and often results in far too much judicial time and effort being absorbed in deciding the threshold question of the court in which the appeal properly belongs." S. Rep. No. 91-1296 at 13, 15 (1970). This problem was resolved by amendingS 3731 to provide for all appeals to be taken to the court of appeals,"except where a ground for the decision is a holding of invalidity of an Act of Congress and the case is considered of general public importance." S. Rep. No. 91-1296 at 18 (1970).

consistently construed S 3731 to authorize all appeals whenever the Constitution would permit. Serfass v. United States, 420 U.S. 377, 387 (1975). "In light of the language of the present version of S 3731 including the admonition that its `provisions shall be liberally construed to effectuate its purposes,' and of its legislative history, it is clear to us that Congress intended to authorize an appeal to a court of appeals in this kind of case so long as further prosecution would not be barred by the Double Jeopardy Clause." Id. The purpose of S 3731 was to "remove all statutory barriers to Governmental appeals and to allow appeals whenever the Constitution would permit." United States v. Wilson, 420 U.S. 332, 337 (1975); see also, United States v. Scott, 437 U.S. 82, 84-85 (1978).

Appellee Gilchrist argues that S 3731 is inapplicable here because the government, and not Gilchrist, moved for the dismissal of the indictment in the first instance. But nothing turns on such a distinction. It still remains that the government fulfilled the requirements of S 3731: upon the district court's denial of the government's motion to reinstate the original indictment, the governmentfiled a timely notice of appeal with this court. We therefore find that the government's appeal was authorized by S 3731.[6]

III. Applicability of Statute of Limitations

We now turn to the merits of this appeal and consider whether the statute of limitations applies to an indictment that was dismissed under a plea agreement, thereby barring its reinstatement after the limitations period has expired. Our review of a district court's legal determinations and its application of legal precepts to facts is plenary. Epstein Family Partnership v. Kmart Corp., 13 F.3d 762, 766 (3d Cir. 1994).

We considered this very issue in United States v. Midgley, 142 F.3d 174 (3d Cir. 1998), where we were presented with a fact pattern closely resembling that before us here. The

_____

6. Because we have jurisdiction pursuant to S 3731, we do not reach the merits of the government's alternative argument for jurisdiction based on the Collateral Order Doctrine.

defendant in Midgley entered into a plea agreement with the government pursuant to which he agreed to plead guilty to one count of a six-count indictment in exchange for the dismissal of the remaining counts. The plea agreement contained no waiver of the statute of limitations defense as to the counts to be dismissed. While incarcerated for the one count to which he pled guilty and after the statute of limitations had run for the dismissed counts, Midgley filed a motion to vacate his sentence on the grounds that the conduct to which he pled guilty did not constitute a criminal offense under a United States Supreme Court decision that was announced while he was incarcerated. Midgley's motion was granted and the governmentfiled a motion to reinstate the dismissed counts. The district court denied the government's request.

On appeal, we affirmed the judgment of the district court. Nothing in 18 U.S.C. S 3282, the general federal statute of limitations, we concluded, suggests that it does not apply to counts of an indictment dismissed pursuant to a plea agreement.7 We were especially mindful that to hold otherwise would subvert the policy objective animating the statute. A statute of limitations first and foremost protects the accused "from having to defend themselves against charges when the basic facts may have become obscured by the passage of time. . . ." Toussie v. United States, 397 U.S. 112, 114 (1970). "Limitations statutes. . .are intended to foreclose the potential for inaccuracy and unfairness that stale evidence and dull memories may occasion in an unduly delayed trial." United States v. Levine, 658 F.2d 113, 127 (3d Cir. 1981). "[T]he applicable statute of limitations is the primary guarantee against bringing overly stale criminal charges. Such statutes represent legislative assessments of relative interests of the State and the defendant in administering and receiving justice. . . ." United States v. Marion, 404 U.S. 307, 322 (1971) (internal quotations, citation bracket, ellipses, and footnotes

_____

7. 18 U.S.C. S 3282 provides: "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

8

omitted). Criminal limitations statutes, therefore, are "to be liberally interpreted in favor of repose." United States v. Habig, 390 U.S. 222, 227 (1968). In light of the extraordinarily important purpose served by a statute of limitations--protecting the accused from a situation where his right to a fair trial would be prejudiced--we concluded in Midgley that S 3282 "establishes a fixed limitation period with no exception," and that, therefore, the reinstatement of the dismissed counts was barred. 142 F.3d at 174.

The government here attempts to circumvent our conclusion in Midgley by arguing that the reinstatement of the original indictment against Gilchrist is permitted pursuant to l8 U.S.C. S 3289, which provides, in pertinent part, that:

> whenever an indictment or information charging a felony is dismissed for any reason before the period prescribed by the applicable statute of limitations has expired, and such period will expire within six calendar months of the date of the dismissal of the indictment or information, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the expiration of the applicable statute of limitations, or, in the event of an appeal, within 60 days of the date the dismissal of the indictment or information becomes final. . . .

(emphasis added). The government contends that this case falls within the latter scenario contemplated by S 3289 where an order of a dismissal is appealed. We see no merit in this argument. We conclude that S 3289 is directed at a count that is appealed. The dismissed counts here were not the subject of the prior appeal. Moreover, neither Gilchrist nor the government ever appealed the April 22, 1997 Order dismissing the original indictment. The thirty days appeal period provided by 18 U.S.C. S 3731 for the dismissed counts of the indictment expired on May 22, 1997, and the government cannot now be allowed to re-litigate the original dismissal. The fact that one count survived that dismissal date and was appealed does not resuscitate the dismissed counts. We accordingly find that Midgley is controlling and

9

that S 3282 bars the government from reinstating the indictment against Gilchrist.8

We do not reach our ruling without considering the possibility that it might encourage defendants to delay acting on their rights until the statute of limitations has expired on their dismissed counts. But, as we noted in Midgley, the government may foreclose such a possibility by including in future plea agreements a clause that requires the defendant to waive the statute of limitations defense as to dismissed counts if the defendant, after the period of limitations has expired on the original charges, withdraws or challenges the guilty plea. 142 F.3d at 174; see also United States v. Podde, 105 F.3d 813, 821 (2d Cir. 1997), vacating United States v. Reguer, 901 F.Supp. 525 (E.D.N.Y. 1995). The government may also negotiate with the defendant a guilty plea for more than one count. Id. To be sure, such prophylactic measures place an additional burden on the government, but that burden is slight when considered alongside the defendant's paramount right to present an effective defense to the charges against him. Section 3289 creates a fixed limitation period to protect precisely that right and we see no need to make an exception here.

Finally, we do not consider the government's equitable tolling argument because the issue was raised for the first time in its brief to us; it was not raised in the motion that was before the district court. An argument not raised in the district court is not properly preserved for appellate review. In re City of Philadelphia Litig., 158 F.3d 723, 727 (3d Cir. 1998).

_____

8. Both parties mistakenly consider the statute of limitations to have expired on June 30, 1997. That assumption, however, fails to recognize the statute was tolled from the date the original indictment was returned on April 2, 1996, until it was dismissed on April 22, 1997--a period of one year and twenty days. See United States v. Stansfield, 171 F.3d 806, 813 n.3 (3d Cir. 1999). But the tolling does not change the result here because even the extended period had expired before the government moved to reinstate the previously dismissed counts on October 19, 1998.

10

IV. Conclusion

For the foregoing reasons, we will affirm the order of the district court denying the government's motion to reinstate charges against the appellee.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit