

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2005

# USA v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4642

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Williams" (2005). *2005 Decisions*. Paper 423.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/423

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-4642

———

UNITED STATES OF AMERICA

v.

CAZZIE L. WILLIAMS,

Appellant

———

ON APPEAL FROM FINAL JUDGMENT OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW JERSEY
(D.C. No. 02-cr-00842-001)

District Judge: The Honorable Joseph A. Greenaway, Jr.

———

Submitted pursuant to LAR 34.1(a)
on September 27, 2005.

Before: RENDELL, FUENTES,
and GARTH, Circuit Judges

(Filed:  October 13, 2005)
_____

OPINION OF THE COURT
_____

Fuentes, Circuit Judge.

Counsel for Cazzie L. Williams has filed a motion to withdraw as appellate

counsel in this case and has submitted a brief in support thereof pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). Counsel argues that there are no non-frivilous issues that can be raised on appeal by Williams. Williams was provided with a copy of the motion and the brief and was given notice that he could file a pro se brief. He elected to do so and filed an informal brief with the Court on April 1, 2005.

On April 14, 2003, Williams pleaded guilty to a four-count indictment that charged him with committing four bank robberies in New Jersey. Williams consented to prosecution in New Jersey and then pleaded guilty to a one-count indictment from the Northern District of Ohio, which charged him with committing one bank robbery, and to a two-count indictment from the Middle District of Pennsylvania, which charged him with committing two bank robberies. At his April 14, 2003 appearance, Williams admitted that he robbed a total of 27 banks in New Jersey, Pennsylvania, Ohio, Maryland, and Virginia from September 1998 through September 2002.

The District Court agreed with the Probation Department that Williams had a criminal history category of I, and an applicable offense level of 28, resulting in a guideline range of 78 to 97 months. In arriving at the offense level of 28, the Probation Department found that the greater adjusted offense level was 26. The Probation Department then determined that, pursuant to Guidelines Section 3D1.4, there were a total of 27 grouping units for the 27 robberies. Because 3D1.4 allows for a maximum of five grouping units, the offense level was adjusted to 28. The Probation Department,

2

however, noted that a background note to Sentencing Guideline Section 3D1.4 states that departure from the 3D1.4 is warranted in the unusual case where the additional offense results in a total of significantly more than five units. Although Williams pleaded guilty only to seven bank robberies, the District Court found that Williams had robbed 27 banks based on his admission during the hearing. Based on this finding, the District Court determined that upward departure beyond the five grouping units allowed in 3D1.4 was appropriate. Accordingly, the District Court grouped the remaining 22 robberies into three groups – a group of five, a group of seven, and a group of ten – and increased the offense level by two for each of these groups, resulting in six-level upward departure. This six-level upward departure changed Williams' sentencing level from level 28, with a sentencing range of 78 to 97 months, to level 34, with a sentencing range of 151 to 188 months. The District Court then imposed a sentence of 156 months.

Williams argues that the District Court's upward departure was in violation United States v. Booker, 125 S.Ct. 738 (2005) and Blakely v. Washington, 542 U.S. 296 (2004) because the upward departure was based on a finding of fact made by the District Court judge using a preponderance of the evidence standard, rather than by a jury using a reasonable doubt standard. Having determined that the sentencing issues Williams raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for re-sentencing in accordance with Booker. See generally, United States v. Davis, 407 F.3d 162 (3d Cir. 2005).

Accordingly, we will affirm Williams' conviction, but we will vacate Williams' sentence and remand for re-sentencing.  Defense counsel's motion to withdraw is hereby denied so that counsel may appear at Williams' re-sentencing as there is now a non-frivolous issue presented on his appeal.