CLD-025                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4030
_____

IN RE:  CAZZIE L. WILLIAMS,
                                                    Petitioner

_____

Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to 2-10-cv-02953)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 28, 2010

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 4, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Petitioner Cazzie Williams, a federal prisoner, requests a writ of mandamus to

compel the District Court to act on the habeas corpus petition he filed pursuant to 28

U.S.C. § 2241 or, alternatively, to divest the District Court of its jurisdiction over the

matter.  We will deny his petition.

In 2003, Williams, known as the "Puffy Cheek Bandit," pled guilty to several

counts of bank robbery and was sentenced to 156 months' imprisonment. We affirmed the convictions but remanded for resentencing. See United States v. Williams, 151 Fed. Appx. 160, 161–62 (3d Cir. 2005). Williams received the same term of imprisonment on remand, and we granted the Government's motion for summary action dismissing the appeal from his resentencing. See United States v. Williams, No. 06-2095, 2006 U.S. App. LEXIS 32494 (3d Cir. Oct. 13, 2006).

Since that time, Williams has attacked his conviction on jurisdictional grounds, most recently via a petition he filed on June 7, 2010. In it, he repeats his contention that the District Court lacked the jurisdiction to convict and sentence him.

Williams filed the instant mandamus petition in this Court on October 13, 2010. He asserts that the District Court "has Subject Matter Jurisdiction over [his] Writ of Habeas Corpus," but has "yet to rule" due to a "four (4) month delay [that] is a clear violation of 28 U.S.C. § 2243." Mandamus Pet. 1 (formatting omitted). He asks us to "compel the District Court of New Jersey to act" on his petition, or alternatively to "divest the District Court of its jurisdiction" and issue the requested writ of habeas corpus ourselves. Id.

We will only issue a writ of mandamus in "extraordinary circumstances." See Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996). A petitioner seeking mandamus must show that (1) no other adequate means exist to attain the desired relief, (2) his right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances of his case. Cheney v. United States Dist. Court,

2

542 U.S. 367, 380–81 (2004); In re Pressman-Gutman Co., Inc., 459 F.3d 383, 399 (3d Cir. 2006). Even when the petitioner makes a strong showing, an appellate court "exercises discretion whether to issue a writ of mandamus." United States v. Farnsworth, 456 F.3d 394, 400 (3d Cir. 2006) (citing Cheney).

While we may issue a writ of mandamus in response to undue delay, only a few months have passed since Williams filed his habeas petition. This short time does not warrant mandamus relief. Cf. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996) (eight months of inaction on motions not sufficient to compel mandamus). We are fully confident that the District Court will rule on Williams' petition without undue delay.

Mandamus is also appropriate when a District Court has acted outside the scope of its jurisdiction. See La Buy v. Howes, 352 U.S. 249, 262 n.3 (1957); Rodgers v. U.S. Steel Corp., 541 F.2d 365, 372 (3d Cir. 1976). Williams does not allege that the District Court has done so with regard to his habeas petition. Rather, he is complaining that he was convicted by a court that lacked jurisdiction. As Williams has previously litigated this claim without success, it does not warrant mandamus relief now. See Williams v. United States, No. 08-1242, 2009 U.S. Dist. LEXIS 62725, at *17–18 (D. N.J. July 21, 2009) (dismissing Williams' 28 U.S.C. § 2255 petition because, *inter alia*, "this [District] Court's subject matter jurisdiction was established by Petitioner's criminal indictment").

By supplemental brief, Williams also requests that we order the District Court to produce financial statements regarding his restitution payment in accordance with the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* To the extent that this motion requests

relief separate and distinct from mandamus, it is denied.