

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-8-2006

# USA v. Farnsworth

Precedential or Non-Precedential: Precedential

Docket No. 06-1425

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Farnsworth" (2006). *2006 Decisions.* Paper 532.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/532

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1425

———

UNITED STATES OF AMERICA,

Appellant

v.

ARTHUR L. FARNSWORTH

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cr-00707)
District Judge: Honorable John R. Padova

———

Argued April 27, 2006

Before: AMBRO and FUENTES, Circuit Judges,
and IRENAS,* District Judge.

(Filed August 8, 2006)

_____

*Honorable Joseph E. Irenas, United States District Court
Judge for the District of New Jersey, sitting by designation.

Patrick L. Meehan
   United States Attorney
Robert A. Zauzmer
   Assistant United States Attorney
   Chief of Appeals
Ara B. Gershengorn (Argued)
Amy L. Kurland
   Assistant United States Attorneys
Office of the United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
      <u>Counsel for Appellant</u>

Peter Goldberger (Argued)
Pamela A. Wilk
Law Office of Peter Goldberger
50 Rittenhouse Place
Ardmore, PA 19003
      <u>Counsel for Appellee</u>

_____

OPINION OF THE COURT
_____

FUENTES, <u>Circuit Judge</u>.

On the morning that Arthur L. Farnsworth's trial for tax evasion was scheduled to begin, the District Court announced its intention to give a jury instruction that the Government strongly opposed. When the District Court declined to reconsider its ruling, the Government immediately appealed and obtained a stay of the proceedings after a jury was selected but before it was sworn. The Government urges us to reverse the District Court's ruling or, in the alternative, to issue a writ of mandamus instructing the District Court to give a different jury instruction. Because we hold that we do not have jurisdiction and that a writ of mandamus is not appropriate, we will dismiss the Government's appeal.

## I. Background

On November 4, 2004, a federal grand jury returned a three-count indictment charging Arthur L. Farnsworth ("Farnsworth") with income tax evasion, in violation of 26 U.S.C. § 7201. Specifically, the indictment charges Farnsworth with willfully attempting to "evade and defeat income tax due and owing by him to the United States of America" for the calendar years 1998 through 2000 by (1) failing to make an income tax return as required by law; (2) failing to pay to the Internal Revenue Service ("IRS") the income tax due; and (3) concealing and attempting to conceal his true and correct income. The indictment further charges that Farnsworth transferred ownership of his assets to fraudulent trusts, encumbered his assets, and hid his money in overseas bank accounts.

Farnsworth's trial was scheduled to begin on Monday, January 30, 2006. Three days before trial, the District Court held a pre-trial conference to address outstanding motions and proposed jury instructions. During the conference, the District Court discussed whether the indictment charged Farnsworth with both methods of tax evasion—attempted evasion of the <u>assessment</u> of taxes and attempted evasion of the <u>payment</u> of taxes—as well as whether proof of an assessment is necessary to prove attempted evasion of payment.[1] The District Court sought additional briefing on these issues, which was provided by both parties on Sunday, January 29, the day before the trial was to begin.

On the day of trial, prior to jury selection, the District Court orally addressed the issues raised at the previous Friday's conference. First, the District Court ruled that the indictment charged Farnsworth with both methods of tax evasion. Second, the

---

[1]Under federal tax law, "assessment is a prescribed procedure for officially recording the fact and the amount of a taxpayer's administratively determined tax liability, with consequences somewhat similar to the reduction of a claim to judgment." <u>Cohen v. Gross</u>, 316 F.2d 521, 522-23 (3d Cir. 1963) (citations omitted).

District Court ruled that, based on its reading of Third Circuit case law, it would instruct the jury that in order to prove attempted evasion of payment the Government must show that there had been either a self-assessment or an assessment by the IRS. In discussing its ruling on this issue, which gives rise to the Government's appeal, the District Court explained:

> The . . . issue is whether or not the law in the Third Circuit requires an assessment, either a self-assessment or an assessment from the IRS[,] in order for there to be an evasion of payment charge. And I've read the government's submissions in that regard. The government recognizes the language in the Third Circuit which would require an assessment in order to maintain an evasion of payment charge.
>
> [The] Government also points out law in other circuits[,] especially <u>United States v. Dack</u>[, 747 F.2d 1172 (7th Cir. 1984) (<u>per curiam</u>)]. We're bound by the law of the Third Circuit and if there's any weakness in the reasoning [I]'ll leave that for the government to argue directly to the Court of Appeals. But [I] do rule that evading payment does require in the Third Circuit an assessment, either self assessment or assessment by the Internal Revenue Service.
>
> Ordinarily, . . . [I] would make a determination as to whether or not the evidence establishes a claim for evasion of payment under Rule 29, but the defendant has raised it up front and that is the Court's ruling and what does the Government intend to do in view of the Court's ruling in that regard? . . . . <u>You have to establish that there was an assessment in order to proceed on the evading payment charge which I have concluded is in the indictment</u>, of course along with evading assessment.

(JA 36-37 (emphasis added).) The Third Circuit decisions relied

upon by the District Court were <u>United States v. McGill</u>, 964 F.2d 222 (3d Cir. 1992), and <u>United States v. McLaughlin</u>, 126 F.3d 130 (3d Cir. 1997).

After a lunch break, the Government asked the District Court to reconsider its determination that proof of either a self-assessment or a formal assessment by the IRS is necessary to prove attempted evasion of payment. The Government also informed the District Court that there was no evidence that Farnsworth self-assessed or that the IRS had made a formal assessment for the years charged. The District Court responded by stating the following:

> [T]he defendant has argued that the Government has no case for willfully attempting to evade the payment of tax because an assessment would be required to establish[] a tax due. And, then subsequent to that[,] an evasion. . . . And, defendant asserted that there was no such assessment either by way of self-assessment to the filing of returns or assessment through the Internal Revenue Service.
>
> In connection with that point I stated in court this morning, . . . that I believed that that form of misconduct as a violation of this offense, namely the form that deals with evading—evading payment, would require an assessment of some type.

(JA 50-51.)

The District Court also rejected the Government's argument that the ruling essentially excised the attempted evasion of payment charge from Farnsworth's indictment. To that end, the District Court reiterated that it: had dismissed no part of the indictment; had not stricken or redacted any language from the indictment; had construed the indictment broadly in the Government's favor; had excluded no evidence the Government might wish to present; had not determined or even suggested that any of the Government's proposed evidence might be held irrelevant; and had not held the evidence the Government might present at trial to be insufficient to prove any offense. (JA 63-65.) As the District Court explained:

5

"[I] have made no ruling other than the fact that the indictment is both broad enough and specific enough to include both forms of misconduct [i.e., attempted evasion of assessment and attempted evasion of payment]. Other than that ruling, [I]'ve made no other ruling with respect to the indictment." (JA 65.) The District Court also noted, "I don't regard that as a dismissal. I don't regard my ruling to have been a ruling with respect to eliminating a count in the indictment. The only thing we've been talking about is sufficiency of the evidence." (JA 64 (emphasis added).)

Following the District Court's denial of the Government's reconsideration motion, the Government filed a notice of appeal and asked the District Court for a stay of the proceedings to permit the appeal to proceed. The District Court, over Farnsworth's objection, granted the stay, finding that Farnsworth had not demonstrated that the Government's appeal was frivolous. A jury was selected by the parties, but not sworn.

On January 31, 2006, Farnsworth filed a motion in this Court for summary dismissal of the appeal. The next day, Farnsworth filed an emergency motion in this Court to vacate the stay entered by the District Court. This Court denied both of Farnsworth's motions. The District Court then dismissed the jury that had been selected.

## II. Discussion

The Government appeals what it believes is an erroneous pre-trial oral ruling in which the District Court explained how it intended to instruct the jury with respect to the crime of attempted evasion of payment of a tax. The Government argues that we have jurisdiction to consider its appeal under 18 U.S.C. § 3731 because the District Court's ruling will preclude it from proving one of the theories of liability set forth in Farnsworth's criminal indictment. The Government further argues that, even if we lack jurisdiction to consider its appeal, we should issue a writ of mandamus to correct the District Court's erroneous view of what the Government must show to prove attempted evasion of payment of a tax. We address these arguments in turn.

6

A.    Jurisdiction

The Criminal Appeals Act, 18 U.S.C. § 3731, establishes when the United States can appeal in criminal cases. That section provides:

> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment . . . as to any one or more counts, or any part thereof, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.
>
> . . . .
>
> The provisions of this section shall be liberally construed to effectuate its purposes.

18 U.S.C. § 3731. The issue presented here is whether the District Court's oral ruling "dismissed" Farnsworth's indictment as to "any one or more counts, or any part thereof," such that we have jurisdiction under § 3731.[2]

Section 3731 was "intended to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit." United States v. Wilson, 420 U.S. 332, 337 (1975). Despite the breadth of § 3731, however, we "have reaffirmed the 'well-settled rule that an appeal by the prosecution in a criminal case is not favored and must be based

---

[2]Farnsworth argues briefly that the District Court's ruling is "non-final and virtually advisory" and therefore not a "decision, judgment, or order" under § 3731. In applying § 3731, we look to the actual effect of the ruling, not its form. See United States v. Martin Linen Supply Co., 430 U.S. 564, 567 n.4 (1977) (explaining that "the form of the ruling is not dispositive of appealability"). In doing so, we believe that Farnsworth's argument relates to whether the ruling constitutes a "dismissal," which we address below.

upon express statutory authority.'" <u>United States v. Gilchrist</u>, 215 F.3d 333, 335-36 (3d Cir. 2000) (citation omitted).

The Government argues that we have jurisdiction over the District Court's ruling because it will preclude the Government from proving the attempted evasion of payment theory of tax evasion set forth in Farnsworth's criminal indictment. The Government finds support in <u>United States v. Serafini</u>, in which we determined that we had appellate jurisdiction over a district court order "excising a portion of a count which, if not excised, would offer legal grounding for criminal culpability separate from whatever culpability might accrue from any portion or portions of the count that the trial court does not determine to be deficient as a matter of law." 167 F.3d 812, 816 (3d Cir. 1999). The Government contends that, in light of its concession that there was no assessment in Farnsworth's case, the District Court's ruling essentially "excised" the attempted evasion of payment theory from the indictment. <u>See</u> <u>id.</u>; <u>see also</u> <u>United States v. Margiotta</u>, 662 F.2d 131, 138-39 (2d Cir. 1981) (finding jurisdiction under § 3731 where district court ruling had the "practical effect of eliminating an independent basis upon which a conviction could be secured"). Thus, because there is no question that the Government's theory of liability will fail, and because an appeal here would not violate the Constitution's double jeopardy clause, the Government contends that this Court has jurisdiction under § 3731 to consider its challenge to the District Court's proposed jury instruction.

Although the Government's prediction that it will fail to meet its burden of proof under the requirements for conviction articulated in the District Court's proposed jury instruction may be correct, the District Court's ruling simply does not constitute a "dismissal" of any part of the indictment under § 3731. The ruling does not preclude the Government from attempting to prove at trial any offense or any theory alleged in the indictment. Instead, it merely announces the District Court's view on a point of law to be covered in the jury instructions, thus advising the parties of a fact which the District Court determined is necessary to sustain a conviction on the attempted evasion of payment theory of tax evasion.

8

Our decision in United States v. Pharis, 298 F.3d 228 (3d Cir. 2002) (en banc), does not compel us to rule otherwise. There, after rejecting the Government's argument that a plainly erroneous evidentiary ruling in a criminal case "amounted to" a dismissal for purposes of jurisdiction under § 3731,[3] we held that we lacked jurisdiction to hear the Government's appeal based on the Double Jeopardy Clause.[4] Id. at 235-36, 244. In explaining why the double jeopardy inquiry was relevant, we took note of the Supreme Court's observation in Wilson that § 3731 was "intended to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit." Wilson, 420 U.S. at 337. We thus acknowledged the "plausible argument" that the Supreme Court's observation in Wilson "requires us to move directly to the Constitution in determining our jurisdiction over appeals from orders terminating prosecutions"—in other words, that we might have jurisdiction over appeals from such orders whenever double jeopardy is not implicated. Pharis, 298 F.3d at 241; see also Gilchrist, 215 F.3d at 337 ("[W]hat is listed [in § 3731] may be merely illustrative and not exhaustive, given that the statute expressly forbids its application only when double jeopardy is implicated.").

The Government urges us to adopt the expansive view of jurisdiction referred to in Pharis and to shift our jurisdictional inquiry from whether the District Court's ruling was a "dismissal" under § 3731 to whether double jeopardy is implicated. We decline to do so. As we noted in Pharis, despite the Supreme Court's observation in Wilson, it has recognized "some undefined

[3]Like the ruling challenged here, the district court ruling in Pharis "did not preclude the Government from attempting to prove" any charged offense using any evidence it might have. 298 F.3d at 236. We thus concluded that the Government's "concern . . . that the District Court's order would [prevent] it from proving [its case] . . . cannot be the basis for transforming an evidentiary ruling into a dismissal." Id.

[4]The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put into jeopardy of life or limb." U.S. Const. amend. V.

limitation other than the obvious Double Jeopardy Clause." Pharis, 298 F.3d at 241 n.9 (noting that the Supreme Court stated in another context, without explanation, "the Government is not authorized to appeal from all adverse rulings in criminal cases") (quoting Sanabria v. United States, 437 U.S. 54, 67 n.21 (1978)).

Although jeopardy has not attached in Farnsworth's case, we are confident that this appeal of the District Court's pre-trial ruling disclosing its intended jury instructions is not the type of appeal over which we have jurisdiction.[5] Such a ruling might be reconsidered or modified by the District Court before the end of the trial, it may be mooted by any number of unanticipated developments at trial, or it might prove harmless, even if erroneously delivered. Accordingly, we hold that we do not have jurisdiction over the Government's appeal.

### B.    Writ of Mandamus

Notwithstanding our lack of jurisdiction over the Government's appeal, the Government maintains that we should proceed by writ of mandamus under 28 U.S.C. § 1651.[6] For this Court to grant mandamus relief, each of the following must be present: (1) a clear error of law; (2) a lack of adequate, alternate

---

[5]We have already suggested as much, albeit in dicta. In United States v. Wexler, 31 F.3d 117 (3d Cir. 1994), we granted a writ of mandamus to correct a proposed jury instruction that we found to be clearly erroneous. In applying the test for mandamus, the Wexler Court found that the Government had no alternative avenue for relief because "appeal from the erroneous instruction is not an option for the government." Id. at 128.

[6]Section 1651 states:
(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.
28 U.S.C. § 1651.

remedy (either before or after trial); and (3) an anticipated "irreparable injury." See United States v. Wexler, 31 F.3d 117, 128 (3d Cir. 1994). Even where the legal prerequisites for mandamus are present, an appellate court exercises discretion whether to issue a writ of mandamus. Cheney v. United States Dist. Court, 542 U.S. 367, 381 (2004).

"The remedy [of appellate mandamus] has been termed 'a drastic one, to be invoked only in extraordinary situations.'" United States v. Santtini, 963 F.2d 585, 593 (3d Cir. 1992) (citation omitted). In particular, the use of mandamus in criminal cases is both "extraordinary" and "exceptional." In re United States, 273 F.3d 380, 385 (3d Cir. 2001). However, "[w]hile appellate courts must be parsimonious with the writ, it is also true that some flexibility is required if the extraordinary writ is to remain available for extraordinary situations." Wexler, 31 F.3d at 129 (internal quotation marks and citation omitted). Thus, mandamus "may issue to correct clear abuses of discretion, to further 'supervisory and instructional goals,' and to resolve 'unsettled and important issues.'" Id. (citation omitted).

We have recognized the difficult situation faced by the Government where, as here, it seeks to challenge a district court's proposed jury instruction. In Wexler, for example, the Government challenged the district court's determination, stated pre-trial, that it would give a particular jury instruction in a tax fraud prosecution. After determining that the Government had established that the jury instruction was clearly erroneous, the Wexler Court held that all of the prerequisites for the issuance of a writ were present, explaining:

> We find in this case that the government has no alternative avenue of relief. The government sought rehearing on the intended jury instructions, but rehearing was denied. For double-jeopardy reasons, no appeal will be possible once trial begins. The government will not be able to interrupt the trial by filing an appeal or a renewed petition for mandamus when the district judge commences to give the erroneous instruction. And if—as the

11

> government anticipates, and Wexler does not contest—jury deliberations guided by the erroneous instruction end in an acquittal, the injury to the government will be irremediable.

Id. at 128 (footnote omitted). Wexler further clarified that, to the extent that the district court order "would hamper the government's ability to enforce the tax laws," the order "present[ed] a special situation which militat[ed] in favor of mandamus review." Id. at 128 n.16. Ultimately, the Wexler Court found that mandamus was appropriate because "the adoption of a clearly erroneous jury instruction that entails a high probability of failure of a prosecution—a failure the government could not then seek to remedy by appeal or otherwise—constitutes the kind of extraordinary situation in which we are empowered to issue the writ of mandamus." Id. at 129.

Turning to the instant case, we must first determine, as a threshold matter, whether the Government has proven that the District Court committed a clear error of law when it ruled that it would instruct the jury that the existence of an assessment is a prerequisite to a conviction for attempted evasion of payment under 26 U.S.C. § 7201. See id. at 128.

Section 7201 penalizes "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof." 26 U.S.C. § 7201. We have explained that "[e]ssential to conviction under 26 U.S.C. § 7201 is 1) the existence of a tax deficiency, 2) an affirmative act constituting an attempt to evade or defeat payment of the tax, and 3) willfulness." United States v. Voigt, 89 F.3d 1050, 1089 (3d Cir. 1996) (internal quotation marks and citation omitted). The Supreme Court has recognized that "§ 7201 includes the offense of willfully attempting to evade or defeat the assessment of a tax as well as the offense of willfully attempting to evade or defeat the payment of a tax." Sansone v. United States, 380 U.S. 343, 354 (1965) (emphasis added); see also McLaughlin, 126 F.3d at 136 (describing attempted evasion of assessment and attempted evasion of payment as "two distinct offenses").

12

The Government contends that the District Court's ruling that proof of an assessment is required in order to establish attempted evasion of payment under § 7201 is "manifestly incorrect." (Appellant's Br. at 31.) The Government argues that, as in Wexler, the District Court's proposed jury instruction has the effect of erroneously eliminating one of the indictment's theories of liability. The Government thus claims that it faces the same predicament as in Wexler; that is, unless this Court acts before a jury is sworn, the Government will be without recourse to correct what it believes is a clear error of law.

The only two Third Circuit opinions to discuss whether attempted evasion of payment requires an assessment have commented in dicta that it does. In McGill, we examined in detail the sufficiency of the evidence and the accuracy of the jury instructions in a case in which a lawyer had been convicted of attempted evasion of payment after filing accurate tax returns. See 964 F.2d 222. In discussing the offense, we observed that

> [e]vasion of payment cases are rare, and the required affirmative act generally occurs after the filing, if there is a filing at all. United States v. Mal, 942 F.2d 682, 687 (9th Cir. 1991) (evasion of payment "involves conduct designed to place assets beyond the government's reach after a tax liability has been assessed") (emphasis added).

Id. at 230. Five years later, in McLaughlin, we agreed with defendants who argued that an assessment was a necessary prerequisite to prosecution for attempted evasion of payment:

> Had the government charged the [defendants] with evasion of payment, it would have had to prove a valid assessment from which the [defendants] hid assets. United States v. England, 347 F.2d 425, 430 (7th Cir. 1965). The government did not prove that element.

126 F.3d at 136. Nonetheless, because the Court held that the indictment also charged attempted evasion of assessment, the Court

13

upheld the McLaughlins' convictions under § 7201 even though no assessment took place. See id.

A number of our sister Courts of Appeals have reached a conclusion that conflicts with our dicta in McGill and McLaughlin, however. For example, in rejecting a defendant's theory that proof of a valid assessment is essential to an attempted evasion of payment charge, the Eighth Circuit stated: "[W]e agree with cases holding that, while an assessment may be used to prove a tax deficiency in a payment evasion case, an assessment is not a necessary element of a payment evasion charge." United States v. Silkman, 156 F.3d 833, 837 (8th Cir. 1998). Similarly, in United States v. Voorhies, the Ninth Circuit rejected a defendant's argument that "prior to a final administrative determination of tax liability, the trier of fact can only speculate as to whether a defendant's conduct constitutes evasion of payment of a tax not yet due." 658 F.2d 710, 714 (9th Cir. 1981). The First Circuit has rejected a similar argument as well. See United States v. Hogan, 861 F.2d 312, 315-16 (1st Cir. 1988) (rejecting defendant's argument that "without a proper assessment of the tax due and owing, the government cannot prove an attempted evasion"). Based on these cases, the Government contends that the District Court's reliance on two Third Circuit cases that briefly suggest that an assessment is required to prove attempted evasion of payment was clear error because the relevant language in those cases is dicta and places the Third Circuit in conflict with other Courts of Appeals that have addressed the issue.[7]

---

[7]The Sixth and Seventh Circuits have also suggested that an assessment is not required to prove a violation of § 7201. See United States v. Daniel, 956 F.2d 540, 542 (6th Cir. 1992); United States v. Dack, 747 F.2d 1172, 1174-75 (7th Cir. 1984) (per curiam). As Farnsworth points out, however, those cases appear to reject the argument that an assessment is necessary to prove the deficiency element of attempted evasion of payment, which is not the argument that Farnsworth advances here. See Daniel, 956 F.2d at 542 (rejecting defendant's argument that no deficiency arose because there had been no assessment); Dack, 747 F.2d at 1174 (same, but in a prosecution for attempted evasion of assessment).

14

Given this relevant precedent, we agree with the Government that the weight of authority favors its view that an assessment is not required to prove attempted evasion of payment under § 7201. In the end, however, in light of our own dicta in McGill and McLaughlin, and the general lack of clarity in this area of law,[8] we cannot conclude that the District Court's proposed jury instruction was clearly erroneous. This case is therefore unlike Wexler, where the Government appealed a proposed jury instruction that conflicted with "the established law of this circuit" as well as "the dominant line of precedent" following decisions by the Supreme Court and another circuit. Wexler, 31 F.3d at 127. Accordingly, we hold that the District Court did not commit a clear error of law such that a writ of mandamus is appropriate.[9]

---

[8]As Farnsworth points out, our dicta in McGill and McLaughlin is not without some support. See United States v. England, 347 F.2d 425, 430 (7th Cir. 1965) ("There is no doubt that a valid assessment, and proof thereof, was an essential element of [the attempted evasion of payment charge]."); United States v. Mal, 942 F.2d 682, 687 (9th Cir. 1991) ("Evasion of payment . . . generally involves conduct designed to place assets beyond the government's reach after a tax liability has been assessed. . . ."); see also 1 Ian M. Comisky, Lawrence S. Feld & Steven M. Harris, Tax Fraud and Evasion: Offenses, Trials, Civil Penalties ¶ 2.03[1], at 2-6 n.20 (6th ed. 2003) ("Although a prior valid assessment may be used to show a tax deficiency under IRC § 7201, the government is not required to present evidence of an assessment unless the charge involves the evasion of the payment of tax.") (emphasis added); but see Tax Fraud and Evasion ¶ 2.03[1], at 2-6 n.20 ("There is no requirement, however, that an administrative assessment of the tax be made or filed before there can be a criminal prosecution for the offenses described in IRC §§ 7201-7207.").

[9]Judge Irenas agrees that a writ of mandamus is not appropriate here because the District Court did not commit "clear error," but notes his belief that decisions in other circuits correctly hold that under 26 U.S.C. § 7201 a defendant may be guilty of both attempting to evade assessment of a tax as well as the payment thereof, without proof of an assessment.

15

### III. Conclusion

For the foregoing reasons, we will dismiss the Government's appeal for lack of jurisdiction, and we will decline to issue a writ of mandamus.