

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2008

# USA v. Lombardo

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3861

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Lombardo" (2008). *2008 Decisions*. Paper 1073.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1073

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3861

UNITED STATES OF AMERICA

v.

PATRICK LOMBARDO,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 05-cr-0132
(Honorable James M. Munley)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 17, 2008

Before:  SCIRICA, *Chief Judge*, AMBRO and FISHER, *Circuit Judges*.

(Filed:  June 3, 2008)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Patrick Lombardo appeals his conviction and sentence.  We will affirm.

Lombardo was convicted by a jury on four counts under 26 U.S.C. § 7201 for tax

evasion and on seven counts under 26 U.S.C. § 7202 for failure to truthfully account for

and pay over withholding tax.   The Presentence Report recommended a base level offense of twenty with a two-level enhancement under U.S.S.G. § 2T1.1(b)(1) for failing to report or correctly identify a source of income exceeding $10,000 in any year for criminal activity and a second two-level enhancement under U.S.S.G. § 3B1.3 for abuse of a position of trust.  The corresponding sentencing guideline range was 51-63 months' incarceration.  The District Court granted an upward variance, sentencing Lombardo to 72 months' incarceration.

Lombardo was the general manager of Patco, a partnership formed by his mother and his former co-worker.  The Government presented evidence that Lombardo was the hidden owner of Patco, diverted Patco funds for his own purposes without reporting the money as income, and misused taxes withheld from Patco employees.  Several witnesses testified to Lombardo using Patco checks to obtain personal items or cash.  Witnesses also testified to Patco's and Lombardo's accounting and tax records.

Lombardo raises five issues on appeal: 1) comments by a prospective juror tainted the  venire, 2) evidence was erroneously admitted, 3) the Government offered inflammatory closing argument, 4) his Rule 29 motion should have been granted, and 5) sentencing enhancements were erroneously applied.

Turning to the first issue, Lombardo contends the venire was tainted by the statements of two prospective jurors.  One prospective juror stated, "I feel that anybody that is trying to cheat the Government of any kind of large sum of money, I couldn't be

able to give a fair decision." Another prospective juror in response to a question by defense counsel regarding a defendant's decision not to testify said, "My feeling is if you have nothing to hide, there should be no problem with stating that. You're being honest." Twelve other prospective jurors indicated agreement with this statement. The court then instructed the venire on the presumption of innocence, the Government's burden of proof, and the right to remain silent. The court asked if anyone would be unable to follow these instructions as required by law. There were no affirmative responses. Neither juror who had voiced concerns, nor those who indicated their agreement, were seated.

Because Lombardo did not object to the instruction or the continuation of voir dire, we review for plain error. The "mere existence" of any preconceived notion regarding guilt or innocence does not rebut the presumption of a prospective juror's impartiality. Irvin v. Dowd, 366 U.S. 717, 723 (1961). "It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." Id. The prospective jurors all indicated they would be able to follow the instructions of the District Court on the right to remain silent and the presumption of innocence. There was no clear error here.

Second, Lombardo contends the District Court erred in admitting certain evidence. Because there was no objection at trial,[1] we review for plain error. The Government

_____

[1]Defense counsel objected once on relevance grounds and was sustained during the testimony of the home-case pediatric nurse. The Government asked the witness if she
                                                                                    (continued...)

3

presented evidence that Lombardo received health insurance benefits for his son's care that he failed to turn over to the home-nursing provider. Evidence pertaining to the current financial status of Lombardo's business partner was also admitted, as was evidence about a home Lombardo intended to purchase and the method of payment.

Lombardo contends this evidence was irrelevant and prejudicial under Federal Rules of Evidence 404(a) and 403. But this did not involve character evidence and the probative value outweighed any prejudicial effect. The evidence on the health care benefits refuted Lombardo's claim that the cash and checks received from Patco were merely repayments of a loan to the company out of his savings. Since Lombardo's business partner lent money to Patco and received repayment in cash and checks, his financial status was relevant. Also, Lombardo's purchase of the house was proof he paid for personal items with Patco money. The evidence was probative on the charges of tax evasion and failure to turn over Patco employees' withholding tax.

Third, Lombardo contends the Government's closing argument was inflammatory and consisted of personal opinion. We review for plain error because defense counsel did not object or request a mistrial. Lombardo protests the prosecutor's remarks about failing to pay his son's nursing expenses, his business partner's debt, and harming his employees.

---

[1](...continued)
recognized a particular check; the witness responded affirmatively, then continued to discuss a vehicle recently purchased by the defendant. Before and after the objection, evidence was admitted regarding payment of the home-nursing provider.

4

After reviewing the Government's closing argument, we conclude the remarks were not inflammatory and were comments upon, and inferences drawn from, the evidence. Moreover, the District Court repeatedly instructed the jury that statements made by counsel were not evidence and should not be considered as such.

Lombardo also appeals the denial of his Rule 29 motion, specifically Count Four charging tax evasion in 2001 under 26 U.S.C. § 7201. We review sufficiency of the evidence in the light most favorable to the Government. United States v. Coyle, 63 F.3d 1239, 1243 (3d Cir. 1995). Lombardo contends proof of tax evasion requires either a civil assessment of the tax or self-assessment through the filing of a tax return. But 26 U.S.C. § 7201 prohibits evasion of both assessment and payment of income taxes. United States v. Farnsworth, 456 F.3d 394, 403 (3d Cir. 2006). Assessment is not required. Id. Reviewing the trial evidence in the light most favorable to the Government, the District Court did not err in denying Lombardo's Rule 29 motion.

Finally, Lombardo contends the District Court erred in applying a sentencing enhancement under U.S.S.G. § 3B1.3 and in applying an upward variance. We review the District Court's factual determinations for clear error and legal determinations de novo. United States v. Georgiadis, 933 F.2d 1219, 1224-25 (3d Cir. 1991). Lombardo argues application of both U.S.S.G. § 3B1.3 and 26 U.S.C. § 7202 was prohibited as double-

counting of the same underlying conduct.[2]  Application of 26 U.S.C. § 7202 is proper

where the defendant failed to truthfully account for and pay over withholding tax.

Application of U.S.S.G. § 3B1.3 applies where the defendant abused of a position of trust

that significantly facilitated the commission or concealment of the offense.  To qualify,

the position abused must substantially facilitate the crime and not merely provide an

opportunity that could have as easily been afforded to other persons.  U.S.S.G. § 3B1.3,

cmt. n.1.  It was not necessary for the Government to prove an abuse of trust as defined

by the Guidelines in order to convict under 26 U.S.C. § 7202.  *See* Georgiadis, 933 F.2d

at 1225 (affirming application of U.S.S.G. § 3B1.3 to an underlying conviction for

embezzlement).  The District Court did not count the same underlying conduct twice.

Lombardo also contends the District Court erred in varying upward from the

sentencing guideline range.   "In considering a criminal defendant's claim that a sentence

is unreasonable, a reviewing court asks whether the district court: 1) exercised its

discretion by giving 'meaningful consideration' to the § 3553(a) factors and 2) applied

those factors reasonably by selecting a sentence grounded on reasons that 'are logical and

consistent with the § 3553(a) factors.'" United States v. Ausburn, 502 F.3d 313, 328 (3d

Cir. 2007).  The District Court exercised its discretion appropriately, considering the §

---

[2]Double-counting is prohibited by U.S.S.G. § 3B1.3, which provides, "this adjustment
may not be employed if an abuse of trust or skill is included in the base offense level or
specific offense characteristic."

6

3553(a) factors. The sentence imposed was reasonable in light of those factors and the evidence presented at trial.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.