

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2008

# USA v. Farnsworth

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2200

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Farnsworth" (2008). *2008 Decisions.* Paper 129.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/129

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2200
_____

UNITED STATES OF AMERICA

v.

ARTHUR L. FARNSWORTH,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 04-cr-00707)
District Judge: Honorable John R. Padova

_____

Submitted Under Third Circuit LAR 34.1(a)
on November 21, 2008

Before:  SCIRICA, Chief Judge, RENDELL, Circuit Judge,
and O'CONNOR,* Retired U.S. Supreme Court Justice.

(Filed: December 11, 2008)

_____

OPINION OF THE COURT
_____

_____

     *  Honorable Sandra Day O'Connor, retired Associate Justice of the United States
     Supreme Court, sitting by designation.

RENDELL, Circuit Judge.

Arthur L. Farnsworth challenges his conviction by the United States District Court for the Eastern District of Pennsylvania on three counts of attempted tax evasion. Farnsworth argues that the District Court lacked jurisdiction, that the Government failed to meet its burden of proof on a particular element, and that the District Court erred with regard to jury instructions. For the reasons stated below, we will affirm.

## DISCUSSION

### I. Background

Arthur L. Farnsworth was indicted by a grand jury on three counts of attempted tax evasion under 26 U.S.C. § 7201, relating to the tax years of 1998, 1999, and 2000. The indictment charged, and it is undisputed, that Farnsworth earned substantial income during each of those years, and that he failed to file tax returns for each year. The indictment also charged Farnsworth with concealing and attempting to conceal income through "various means, including, among other things: (1) transferring ownership of his assets to fraudulent trusts; (2) encumbering assets; and (3) hiding his money in overseas bank accounts." (App. at 31-33.)

Prior to trial, the District Court informed the parties that it intended to instruct the jury that it would have to find the existence of an assessment in order to conclude that Farnsworth attempted to evade payment of taxes. *United States v. Farnsworth*, 456 F.3d 394, 396 (3d Cir. 2006). The Government appealed the decision to this Court, arguing

2

that we should reverse the ruling or, in the alternative, issue a writ of mandamus ordering the District Court to give a different instruction. *Id.* at 396. We concluded that we did not have jurisdiction to reverse the ruling. *Id.* at 400. As for mandamus relief, we noted that our previous opinions only discussed the assessment issue in dicta, and we agreed with the Government that the "weight of authority favors [the] view that an assessment is not required." *Id.* at 403. However, because we also found that the state of the law was not clear, we did not find the intended instruction to be clear error of law, and accordingly did not issue a writ of mandamus. *Id.* The District Court considered our opinion, and ultimately did not instruct the jury that it was essential to find the existence of an assessment.

At trial, Farnsworth did not contend that he complied with the tax laws, but rather he asserted that he believed compliance with the tax system to be voluntary. The jury returned a guilty verdict on all three counts. Farnsworth argues that the District Court lacked subject matter jurisdiction, that the Government failed to present sufficient proof that he knowingly transferred assets to fraudulent trusts, and that the District Court erred with regard to its instructions to the jury.

## II. Jurisdiction

This Court exercises plenary review over questions of subject matter jurisdiction. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Undeterred by clear precedent, Farnsworth argues that the District Court lacked subject matter jurisdiction

over his case. Contrary to his contentions, there is no question that 18 U.S.C. § 3231, in establishing jurisdiction over "all offenses against the laws of the United States," encompasses the federal tax statutes, *United States v. Isenhower*, 754 F.2d 489, 490 (3d Cir. 1985), and specifically the crime of attempted tax evasion under 26 U.S.C. § 7201, *United States v. Gwinnett*, 483 F.3d 200, 201 (3d Cir. 2007). Moreover, we reject Farnsworth's resort to the "'hackneyed tax protester refrain'" that federal courts lack criminal jurisdiction outside of federal territories. *E.g.*, *United States v. Chisum*, 502 F.3d 1237, 1243 (10th Cir. 2007) (quoting *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990)).

Equally unavailing is Farnsworth's claim that the District Court lacked jurisdiction due to an alleged defect in the arrest warrant that issued after his indictment. Even assuming the warrant was defective, we see no reason to "retreat from the established rule that illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975).

### III. Sufficiency of Evidence

Farnsworth argues that the evidence was insufficient to establish that he engaged in an affirmative act of evasion, a required element under section 7201. An appellant challenging the sufficiency of evidence in a criminal case bears a "very heavy burden." *United States v. Soto*, 539 F.3d 191, 194 (3d Cir. 2008). We will "view the evidence in the light most favorable to the government, and will sustain the verdict if any rational trier

4

of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and citations omitted).

A person is guilty of attempt to evade or defeat tax who "willfully attempts in any manner to evade or defeat any tax imposed by [Title 26] or the payment thereof . . . ." 26 U.S.C. § 7201. Conviction requires proof of three elements: "1) the existence of a tax deficiency, 2) an affirmative act constituting an attempt to evade or defeat payment of the tax, and 3) willfulness." *United States v. McGill*, 964 F.2d 222, 229 (3d Cir. 1992) (citing *Sansone v. United States*, 380 U.S. 343, 351 (1965)). Farnsworth only challenges the sufficiency of evidence with regard to the affirmative act element. "An affirmative act is anything done to mislead the government or conceal funds to avoid payment" of a deficiency. *McGill*, 964 F.2d at 230 (citation omitted). A single act is sufficient to satisfy the element. *Id.* at 229.

Farnsworth argues that the Government failed to produce sufficient evidence to prove the allegedly essential finding that Farnsworth knowingly transferred assets into fraudulent trusts. The grand jury indictment charged Farnsworth with three separate affirmative acts of evasion for each of the three tax years at issue: "(1) transferring ownership of his assets to fraudulent trusts; (2) encumbering his assets; and (3) hiding his money in overseas bank accounts." (App. at 30-33.) The District Court instructed the jury on each of these alleged acts. The Government argues that it was not required to prove knowing transfer into fraudulent trusts because two other affirmative acts of

5

evasion were charged, and, in any event, the evidence was sufficient with regard to the fraudulent trusts.

We conclude that Farnsworth's argument must fail because he does not challenge the sufficiency of evidence relating to the other acts of evasion with which he was charged. Since conviction under section 7201 only requires a single act, Farnsworth cannot possibly meet his burden to challenge the sufficiency of evidence.

## IV. Jury Instructions

Farnsworth raises two arguments with regard to the District Court's instructions to the jury. When a party timely objects to jury instructions, "[w]e exercise plenary review to determine whether jury instructions misstated the applicable law, but in the absence of a misstatement we review for abuse of discretion." *Cooper Distrib. Co. v. Amana Refrigeration, Inc.*, 180 F.3d 542, 549 (3d Cir. 1999). Where a district court denies a requested jury instruction, we will reverse "only when the requested instruction was correct, not substantially covered by the instructions given, and was so consequential that the refusal to give the instruction was prejudicial to the defendant." *United States v. Phillips*, 959 F.2d 1187, 1191 (3d Cir. 1992).

However, where a party claiming error in a jury instruction "did not make a timely objection, we review for plain error." *Cooper*, 180 F.3d at 549. We will only reverse if that error was "fundamental and highly prejudicial, such that the instructions failed to provide the jury with adequate guidance and our refusal to consider the issue would result

in a miscarriage of justice." *Id.* (internal quotation marks and citations omitted).

## A. Instruction Regarding Assessment

Farnsworth argues that the District Court abused its discretion by denying his request to instruct the jury that an assessment is a necessary element in a charge of attempted evasion of payment. Farnsworth contends that the District Court improperly decided that an assessment was unnecessary upon considering our opinion in *United States v. Farnsworth*, 456 F.3d 394 (3d Cir. 2006), an opinion that Farnsworth asserts was "advisory." (App. Br. at 41, 46.) The Government argues that any error regarding the evasion of payment instruction would have been harmless because the jury expressly found Farnsworth guilty under both evasion of payment and evasion of assessment theories. Moreover, the Government contends, the District Court's decision to deny Farnsworth's proposed instruction was proper, and the final instruction presented to the jury was within the Court's discretion. We agree with the Government.

We reject Farnsworth's argument that our 2006 decision in this matter contained an "advisory" opinion with regard to the elements of attempted evasion of payment. The Government had requested a writ of mandamus to resolve a pre-trial dispute over the evasion of payment jury instruction. *Farnsworth*, 456 F.3d at 400. This required us to consider whether the District Court's intended instruction constituted "a clear error of law." *Id.* We concluded that our prior discussions on the point were dicta, and that the "weight of authority favors [the] view that an assessment is not required," but also that

7

lack of clarity in the law precluded us from concluding that the intended instruction constituted "a clear error of law." *Id.* at 403. In light of this, the District Court did not err by reconsidering the jury instruction and deciding that an assessment was not required.

Moreover, Farnsworth's argument necessarily fails for lack of prejudice. Attempted evasion under section 7201 includes both "willfully attempting to evade or defeat the assessment of a tax as well as the offense of willfully attempting to evade or defeat the payment of a tax." *Sansone*, 380 U.S. at 354. The Government proceeded against Farnsworth on both theories, and the jury expressly found Farnsworth guilty of both attempted evasion of assessment and evasion of payment for each of the tax years at issue. Since Farnsworth would have been found guilty notwithstanding any potential error in the evasion of payment instruction, we are unable to conclude that the District Court's refusal to use Farnsworth's proposed instruction was prejudicial.

**B. Instruction Regarding Fraudulent Trusts**

Farnsworth argues that the District Court erred by failing to submit a special verdict form to the jury to establish whether the jury specifically found that Farnsworth knowingly transferred assets into fraudulent trusts. We note that, although not prohibited, "special interrogatories are disfavored in criminal trials." *United States v. Hegepeth*, 434 F.3d 609, 613 (3d Cir. 2006). Farnsworth did not request any such instruction at trial, and thus must demonstrate that the failure to include the extraordinary instruction constituted plain error, and that the error was fundamental and highly prejudicial.

8

This argument rehashes Farnsworth's challenge to the sufficiency of evidence, and it fails for similar reasons. As discussed above, Farnsworth was indicted for multiple affirmative acts of evasion for each of the tax years at issue. In addition to transfers to fraudulent trusts, he was charged with encumbering assets and hiding his money in overseas bank accounts. At trial, Farnsworth staked his defense not on his compliance with tax law, but on defeating the willfulness element by asserting that he believed compliance to be voluntary. In fact, Farnsworth either admitted or did not deny conduct that was probative of affirmative acts of evasion other than the knowing use of fraudulent trusts.[1] Since a single affirmative act is sufficient under section 7201, we would be unable to find heightened prejudice even if the District Court had clearly erred. We must accordingly reject Farnsworth's argument with regard to the fraudulent trust instruction.

---

[1] For instance, Farnsworth did not deny that he earned income in the years for which he did not file tax returns. He admitted that he transferred money from his retirement account to an offshore bank account without paying taxes. He also admitted that Farnsworth Engineering Services ("FES") received payments for Farnsworth's personal consulting services, and that Farnsworth drew wages from FES without paying taxes on either the receipts or the wages. Farnsworth further testified that a business entity under his control took a lien out on the house he lived in, and that he did this as a means to protect his assets from collection. When asked about also transferring his cars to a business entity under his control, Farnsworth stated "I encumbered them - - I was protecting them . . . . From among others, the Internal Revenue Service, I guess." (App. at 802.)

9

**CONCLUSION**

For the reasons set forth above, we will AFFIRM the Judgment and Commitment Order of the District Court on all grounds.