

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2009

# In Re: Neyembo Mikan

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1516

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Neyembo Mikan " (2009). *2009 Decisions*. Paper 1539.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1539

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1516
_____

IN RE: NEYEMBO MIKANDA,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Crim. No. 08-cr-00130-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 31, 2009
Before:  SCIRICA, <u>Chief</u> <u>Judge</u>, WEIS and GARTH, <u>Circuit</u> <u>Judges</u>

Opinion Filed: April 15, 2009
_____

OPINION
_____

PER CURIAM.

On July 16, 2008 a federal jury convicted Neyembo Mikanda of several

counts of wire fraud, mail fraud, aiding and assisting in the filing of false claims against

the United States and aiding or assisting in the filing of false statements.  The district

court scheduled his sentencing for April 22, 2009.  On February 26, 2009, Mikanda filed

a petition for writ of mandamus asking this Court to compel the district court to: 1)

1

dispose of his pending petition for "writ of prohibition"; 2) perfect the record for appeal; 3) dispose of motions which implicate rights that would otherwise be lost if he has to await final judgment; and 4) to vacate an order of detention the district court entered after the jury's verdict.

Mandamus is a drastic remedy available only in the most extraordinary of situations in response to an act amounting to a judicial usurpation of power. In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001). "In particular, the use of mandamus in criminal cases is both extraordinary and exceptional." United States v. Farnsworth, 456 F.3d 394, 401 (3d Cir. 2006) (citation and quotation marks omitted). To justify such a remedy, a petitioner must show that he has (I) no other adequate means of obtaining the desired relief and (ii) a clear and indisputable right to issuance of the writ. Nwanze, 242 F.3d at 524.

Here, Mikanda has demonstrated neither requirement for issuance of the writ of mandamus. First, Mikanda argues that the district court improperly treated his "writ of prohibition" as a renewed motion for return of his property instead of a separate petition pursuant to 28 U.S.C. § 1651. The district court did not err in this regard inasmuch as the "writ of prohibition" raises arguments related to petitioner's seized property, speedy-trial claims, and the sufficiency of the grand jury's indictment. Such arguments are not appropriate for a writ of prohibition. See Ex parte Republic of Peru, 318 U.S. 578, 583 (1943) ("The historic use of writs of prohibition and mandamus

2

directed by an appellate to an inferior court has been to exert the revisory appellate power of the inferior court."). Nor would these arguments be proper for a writ of prohibition filed in this Court. See United States v. Santtini, 963 F.2d 585, 590 (3d Cir. 1992) ("It is well established that a writ of prohibition may not be used as a substitute for review by appeal.") Similarly, to the extent that Mikanda raises arguments in his writ of mandamus regarding the validity of the indictment, violation of his Fifth Amendment right to a grand jury and a Sixth Amendment right to a public trial, these claims may be properly raised on appeal following entry of judgment of sentence. Therefore, petitioner is not entitled to a writ of mandamus. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) (Mandamus may not be used as a substitute for an appeal). Finally, to the extent that Mikanda is attempting to challenge his pre-trial detention, such a challenge is properly raised under 28 U.S.C. § 2241 and not through a petition for writ of mandamus.

For the foregoing reasons, we will deny the petition for a writ of mandamus.