**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1633/11-3170
_____

In re:  SUSAN M. BOLTZ-RUBINSTEIN,

Appellant in No. 11-1633

v.

HAGENS BERMAN, SOBOL, SHAPIRO, LLP

In re:  SUSAN M. BOLTZ-RUBINSTEIN,

Petitioner in No. 11-3170

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2:10-cv-07099-ER and Petition for Writ of Mandamus
District Judge: The Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 5, 2011

Before: MCKEE, *Chief Judge*, and FUENTES and GREENBERG, *Circuit Judges*

(Filed:November 3, 2011)
_____

OPINION
_____

FUENTES, *Circuit Judge*.

In this appeal, we must determine whether the Bankruptcy Court erred in granting

Appellee-Creditor Hagens Law firm relief from the automatic stay provisions of the

1

Bankruptcy Code in order to pursue its litigation against Appellant-Debtor Susan Boltz-Rubinstein in Washington district court.  11 U.S.C. § 362.

The District Court affirmed the Bankruptcy Court's decision to grant Hagens relief, finding that the Bankruptcy Court had been well within its discretion in applying the governing law and in evaluating the facts before it.  The Debtor-appellant Ms. Boltz-Rubinstein now appeals from that decision.  We affirm.[1]

Since we write for the parties, alone, we assume familiarity with the factual and procedural history of this case, which is discussed in detail in the Bankruptcy Court's opinion.  App. 316-20.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. §158(d) and 1291.  Our standard of review over the bankruptcy court's decision is the same as that exercised by the District Court.  *In re Zinchiak v. CIT Small Bus. Lending Corp.*, 406 F.3d 212, 222 (3d Cir. 2005).   Thus, we review the bankruptcy court's decision to grant Creditor-appellee relief from the automatic stay for abuse of discretion.  *In re Myers*, 491 F.3d 120, 128 (3d Cir. 2007).  We review questions of fact for clear error, and exercise plenary review over the bankruptcy court's findings of law.  *See Rocco v. J.P. Morgan Chase Bank*, 255 Fed. Appx. 638, 640 (3d Cir. 2007).

Because Judge Robreno's District Court opinion so accurately details the law governing § 362(d)(1) of the Code, and so thoroughly discusses the proceedings in the Bankruptcy Court and the logic applied in making its decision, we see little to add here.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 158(a).  We have jurisdiction to hear this appeal under 28 U.S.C. § 1291 and § 158(d).

We thus affirm the District Court's decision for the reasons set forth in that court's opinion. *See Boltz-Rubinstein v. McNaul Ebel Nawrot & Helgren, PLLC*, No. 10-7099, at 2 n. 1.

In regards to Ms. Boltz-Rubinstein's request for a writ of mandamus to reverse the District Court's order,[2] and to stay further proceedings in the United States District Court for the Western District of Washington and in the United States Bankruptcy Court for the Eastern District of Pennsylvania, that petition is denied. Mandamus is an extraordinary remedy, issued rarely, that is designed to compel the performance of a ministerial or mandatory duty on the part of a governmental body or official. *See United States v. Farnsworth*, 456 F.3d 394 (3d Cir. Pa. 2006); *In re Patenaude*, 210 F.3d 135, 140 (3d Cir. 2000). Its application to matters involving some degree of discretion, as with the Bankruptcy Court's decision here and the District Court order affirming that decision, is wholly inappropriate.[3] Appellant's request for relief is therefore denied.

---

[2] The order, dated July 29, 2011 and entered August 1, 2011, affirmed the Bankruptcy Court's decision to allow the Hagens law firm additional time to file a complaint to determine the dischargeability of the debt owed by the Debtor. It also denied Ms. Boltz-Rubinstein leave to appeal to this court. *See Boltz-Rubinstein v. McNaul Ebel Nawrot & Helgren, PLLC*, No. 11-148 (E.D. Pa. Aug. 1, 2011).

[3] We are in receipt of Ms. Boltz-Rubinstein's Supplement to Petition for Writ of Mandamus, filed on October 11, 2011, wherein she purports to draw this Court's attention to proceedings that occurred in the Bankruptcy Court and in the Washington action following the filing of her original petition for writ of mandamus. We have reviewed that supplemental filing and find that it does not contain material pertinent to our review of the District Court's decision in this case, nor does it affect the reasoning of that Court's order.