GLD-021                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3438
_____

IN RE:  FREDERICK H. BANKS,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to D.C. Criminal No. 2-04-cr-00176-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 20, 2011
Before:  FUENTES, GREENAWAY, JR. and STAPLETON, <u>Circuit</u> <u>Judges</u>
(Opinion filed: November 8, 2011)
_____

OPINION
_____

PER CURIAM

Petitioner Frederick Banks (a.k.a. River SilverElk, <u>see</u> ECF No. 650), a federal

prisoner, filed a petition for mandamus in which he requested that we compel: 1) the

prison officials at FDC Philadelphia to send Banks's personal and legal mail, and 2)

District Judge Conti to "hold a prompt hearing or make a ruling" on the 28 U.S.C. § 2255

motion Banks filed on January 17, 2011.

We will only issue a writ of mandamus under 28 U.S.C. § 1651(a) in

"extraordinary circumstances."  <u>See</u> <u>Hahnemann Univ. Hosp. v. Edgar</u>, 74 F.3d 456, 461

(3d Cir. 1996). A petitioner seeking mandamus must show that (1) no other adequate means exist to attain the desired relief, (2) his right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances of his case. Cheney v. U.S. Dist. Ct., 542 U.S. 367, 380–81 (2004); In re Pressman-Gutman Co., Inc., 459 F.3d 383, 399 (3d Cir. 2006). Even when the petitioner makes a strong showing, an appellate court "exercises discretion whether to issue a writ of mandamus." United States v. Farnsworth, 456 F.3d 394, 400 (3d Cir. 2006) (citing Cheney).

With regard to Banks's request for expediency with regard to his § 2255 motion, we take judicial notice that his District Court docket reflects significant activity since its filing, including numerous motions and orders, the last of which was entered in late July. While mandamus may be warranted where a district court's delay "is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), no such abdication is evident here. We are confident that the District Court will swiftly rule on Banks's § 2255 motion without our intervention.

With regard to Banks's request that we compel officials at FDC Philadelphia to send his mail, we lack jurisdiction to grant the relief he seeks. The All Writs Act allows the issuance of writs "necessary or appropriate in aid of" our jurisdiction. 28 U.S.C. § 1651(a). But we are still bound by the extent of our "subject-matter jurisdiction over the case or controversy." United States v. Denedo, 129 S. Ct. 2213, 2221 (2009). As Banks asks, essentially, for an injunction compelling "an officer or employee of the

2

United States or any agency thereof to perform a duty owed to" him, original jurisdiction is vested in the District Court, not with us. See 28 U.S.C. § 1361.[1]

Accordingly, we will deny the petition for mandamus.

---

[1] We have instructed Banks on a previous occasion that suits compelling an officer of the United States to perform a duty cannot be originated via mandamus petition in an appellate court. See In re: Frederick Banks, No. 11-1970 (order entered on May 12, 2011). In that case, we further observed that neither a civil-rights action nor a § 1361 petition was litigation ""of the type that Congress did not intend to curtail" by enacting the Prison Litigation Reform Act. See Madden, 102 F.3d at 77. Accordingly, should Banks, a three-strikes litigant, wish to initiate this claim in District Court, he would be required to either pay the applicable fees or comply with the requirements of 28 U.S.C. § 1915(g) by submitting a statement of "imminent danger of serious physical injury."