ELD-015-E

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1116
_____

In re: ROCMON L. SANDERS,
                                        Petitioner

_____

On Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2:18-cr-00431-001)

_____

Submitted Pursuant to Fed. R. App. P. 21

January 29, 2020
Before:  GREENAWAY, JR., PHIPPS, and FUENTES, Circuit Judges

(Opinion filed: January 31, 2020)
_____

OPINION\*
_____

PER CURIAM

　　Pro se petitioner Rocmon Sanders seeks a writ of mandamus.  Because Sanders

has not demonstrated his entitlement to such extraordinary relief, we will deny his

petition.

　　In October 2018, Sanders was indicted for the manufacture of and attempted

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

manufacture of child pornography in violation of 18 U.S.C. § 2251(a) and (e).  Sanders has been representing himself in his criminal proceedings since July 2019, with stand-by counsel available.  He has filed dozens of motions and requests with the District Court in that time.  He has also unsuccessfully sought recusal under 28 U.S.C. §§ 144 and 455 of the District Judge presiding over his case.  Sanders is presently awaiting trial, which is scheduled to begin on February 3, 2020.

Sanders has filed a mandamus petition in this Court seeking various forms of relief prior to the start of his trial.  Specifically, he seeks recusal of the District Judge and review of numerous decisions the District Court has made, including decisions regarding discovery, continuances, and his stand-by counsel.

A writ of mandamus is a "drastic remedy" that may be granted only in "extraordinary circumstances in response to an act amounting to a judicial usurpation of power."  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  "In particular, the use of mandamus in criminal cases is both extraordinary and exceptional."  United States v. Farnsworth, 456 F.3d 394, 401 (3d Cir. 2006) (internal quotation marks and citation omitted).  "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances."  See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

Sanders first seeks the recusal of the District Judge. Mandamus relief is not available based on the refusal of the District Judge to recuse under 28 U.S.C. § 144. See In re Sch. Asbestos Litig., 977 F.2d 764, 774-76 (3d Cir. 1992). In contrast, "[m]andamus is a proper means for this court to review a district court judge's refusal to recuse from a case pursuant to 28 U.S.C. § 455(a), where the judge's impartiality might reasonably be questioned." Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993); see 28 U.S.C. § 455(a). To determine whether mandamus relief is warranted, we review a district judge's decision not to recuse under § 455(a) for abuse of discretion. See In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).

Sanders argues that the District Judge should be recused from his case because he believes that the District Judge is colluding with the prosecutor and his stand-by counsel against him, based on favorable decisions she has made in favor of the Government and his disagreement with rulings she has made against him. He also believes that the District Judge is prejudiced against him because she has read emails he has sent that criticized her, and asserts that the District Judge has spoken to him disrespectfully at various hearings. Finally, he believes that the District Judge is interfering with the docketing of his filings. However, Sanders' dissatisfaction with unfavorable decisions does not necessitate the District Judge's recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Further, as the District Court explained, Sanders' unsupported conjecture that the District Judge is colluding with the prosecution and his stand-by

3

counsel against him, or interfering with the docketing of his filings, does not require the recusal of the District Judge. See In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (noting that a judge's recusal is not required on the basis of "unsupported" or "highly tenuous speculation"). Thus, Sanders has not demonstrated that the District Judge's impartiality might reasonably be questioned such that he has a clear and indisputable right to recusal under § 455(a).

Next, Sanders may seek relief from the remaining rulings that he seeks to challenge in a direct criminal appeal or on collateral review, if necessary. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("[M]andamus must not be used as a . . . substitute for appeal.") (citation omitted). To the extent that the District Court has yet to rule on some of Sanders' recent pending motions, "matters of docket control and conduct of discovery are committed to the sound discretion of the district court." In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). The District Court has responsively handled Sanders' filings until this point and has held multiple hearings leading up to Sanders' trial regarding his requests. We are confident that the District Court will address Sanders' remaining pending motions in due time.

Accordingly, because Sanders has not presented an extraordinary and exceptional request for mandamus relief, we will deny his petition. In light of our disposition, Sanders' request for a stay of his criminal proceedings pending the adjudication of this petition is denied as moot.